UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LAURA BROYLES )
)
v. ) NO. 2:07-CV-252
)
EAST TENNESSEE STATE )
UNIVERSITY, *ET AL*. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendants' Motion for Partial Dismissal and/or Judgment on the Pleadings, [Doc. 28], pursuant to Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 12(b), (c). The plaintiff's second amended complaint, [Doc. 18-2], alleges that (1) East Tennessee State University ("ETSU"), through its supervisors and agents, retaliated against the plaintiff on account of her complaints regarding sex, race, religious, and national origin discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e (2008) *et seq*.; (2) individual Defendants Paul Stanton, Biddanda Ponnappa, Martha Whaley, Gregory Wilgocki, and John Sanders retaliated against her because of her complaints regarding sex, race, religious, and national origin discrimination in violation of Tennessee Code Annotated section 4-21-301, T.C.A. § 4-21-301 (2008); and (3) the individual defendants retaliated against her regarding her complaints that Defendant Whaley discriminated against her on the basis of her race in violation of Title 42 United States Code sections 1981 and 1983, 42 U.S.C. §§ 1981, 1983

(2008). All individual defendants seek a dismissal of the third count, claiming that Title VII preempts the sections 1981 and 1983 claims and thus jurisdiction does not exist. Alternatively, Defendants Stanton, Wilgocki, and Sanders move to dismiss the punitive damages claim in relation to Count III.

Because the defendants facially attack subject matter jurisdiction, this Court must accept the plaintiff's material allegations in the complaint as true. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Because lack of subject matter jurisdiction is a non-waivable, fatal defect, it may be raised by any party at anytime, including being raised *sua sponte* by this Court. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

It is well established in the Sixth Circuit that an employee may sue his or her public employer under both Title VII and section 1983[1] where the employee establishes that the employer's conduct violated both Title VII and rights derived from the United States Constitution or a federal statute that existed at the time of the enactment of Title VII. *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir. 1984). In addition, since certain employees, such as supervisors, of public employers are not subject

---

[1] Section 1981 actions must be asserted through section 1983. *See Foley v. University of Houston System*, 355 F.3d 333, 340 n. 9 (5th Cir. 2003) (citing *Felton v. Polles*, 315 F.3d 470, 482-83 (5th Cir. 2002)).

2

to suit under Title VII, a plaintiff's avenue of redress against such defendants is under section 1983. *See Weberg v. Franks*, 229 F.3d 514, 522 n. 7 (6th Cir. 2000). Here, the plaintiff sued ETSU, her public employer, under Title VII and sued the remaining defendants, who worked for ETSU, in their individual capacities under sections 1981 and 1983 for retaliation on the basis of her race.[2]

The United States Supreme Court held in *CBOCS West, Inc. v. Humphries*, – U.S. – , 128 S. Ct. 1951, 1961 (2008), that section 1981 encompasses claims of retaliation. That section states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. Thus, the relevant inquiry for this Court is whether this section 1981 right to be free from retaliation existed at the time of the enactment of Title VII. *See Day*, 749 F.2d at 1205. Neither the Sixth Circuit nor any other Circuit has decided this precise issue. To answer this question, a brief review of pertinent interpretive history is necessary. *See CBOCS West*, 128 S. Ct. at 1955-1958 (setting forth in detail the relevant precedent regarding sections 1981 and 1982 retaliations claims).

---

[2]The plaintiff is of Native American and Hispanic descent.

Section 1981 traces its origin to the Civil Rights Act of 1866, which was enacted just after the Civil War. Similarly, section 1982 was enacted at the same time and focused upon the rights of nonwhite citizens to make and enforce contracts related to ownership of property. In 1969, the Supreme Court decided in *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229 (1969), that section 1982 encompasses retaliation claims. Supreme Court precedents have long construed sections 1981 and 1982 similarly because of the common language, origin, and purposes. *See Runyon v. McCrary*, 427 U.S. 160, 173 (1976); *Tillman v. Wheaton-Haven Recreation Assn., Inc.*, 410 U.S. 431 (1973); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968). Thus, based on *Sullivan*, Circuit Courts have held that section 1981 encompassed retaliation claims. *See Winston v. Lear-Siegler, Inc.*, 558 F.2d 1266, 1270 (6th Cir. 1977).

In 1972, federal, state, and local employees were brought within the protection of Title VII by the 1972 Amendments. The legislative history of the 1972 Amendments is worth noting. The House Report states:

> In establishing the applicability of Title VII to State and local employees, the Committee wishes to emphasize that the individual's right to file a civil action in his own behalf, pursuant to the Civil Rights Act of 1870 and 1871, 42 U.S.C. §§ 1981 and 1983, is in no way affected. . . . Title VII was envisioned as an independent statutory authority meant to provide an aggrieved individual with an additional remedy to redress employment discrimination. . . . The bill, therefore, by extending jurisdiction to State and local government employees does not affect existing rights that such individuals have already been granted by previous

4

legislation.

H.R. Rep. No. 92-238, reprinted in 1972 U.S. Code Cong. & Adm. News 2137, 2154. Thus, existing-law claims under the Constitution or federal statutes were not affected by the amendments, and such claims could be pursued alongside Title VII claims. *Day*, 749 F.2d at 1204.

In 1989, the Supreme Court decided *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), which limited the scope of section 1981 in holding that 1981 did not apply to conduct by an employer after the contract had been established. In effect, this holding foreclosed retaliation claims. However, the Civil Rights Act of 1991 superseded *Patterson* by defining section 1981's scope to include post-contract-formation conduct. Subsection (b) now reads: "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. 1981(b). After the Act, Circuit Courts again decided that section 1981 encompassed retaliation claims. *See Johnson v. University of Cincinnati*, 215 F.3d 561, 575-76 (6th Cir. 2000).

Finally, the Supreme Court expressly decided in 2008 in *CBOCS West* that section 1981 encompasses retaliation claims. Further, the Court addressed the section's "necessary overlap" with Title VII. *CBOCS West*, 128 S. Ct. at 1960. The Court stated:

> "[T]he 'remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent.' We have pointed out that Title VII provides important administrative remedies and other benefits that § 1981 lacks. And we have concluded that 'Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination.' In a word, we have previously held that the 'overlap' reflects congressional design."

*Id*.

As such, based on the above cited precedents and although there existed a brief period of time in which retaliation claims under section 1981 were foreclosed, this Court holds that section 1981's right to be free from retaliation existed at the time of the enactment of Title VII. Thus, the plaintiff may sue her employer's employees in their individual capacities under sections 1981 and 1983 and her employer under Title VII because the alleged conduct that violated the plaintiff's rights derived from a federal statute, section 1981, which existed at the time of the enactment of Title VII. *See Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir. 1984). Because Title VII does not preempt the retaliation claim against the individuals, this Court has subject matter jurisdiction over the claim. Accordingly, the defendants' Motion for Partial Dismissal in this regard is **DENIED**.

Alternatively, the Defendants Stanton, Wilgocki, and Sanders argue that they are entitled to judgment as a matter of law in regard to plaintiff's punitive

damages claim against them. More specifically, the defendants argue that the complaint alleges that Defendants Whaley and Ponnappa committed the retaliatory acts, and Defendants Stanton, Wilgocki, and Sanders "merely acted upon information received from Defendants Whaley and Ponnappa." She further bases her argument upon whether or how many times she met with the defendants.[3]

A motion for a judgment on the pleadings requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle her to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). In addition, "[t]he imposition of punitive damages in civil rights actions has generally been limited to cases involving egregious conduct or a showing of willfulness or malice on the part of the defendant." *Beauford v. Sisters of Mercy-Province of Detroit*, 816 F.2d 1104, 1109 (6th Cir. 1987) (citing *Wolfel v. Bates*, 707 F.2d 932, 934 (6th Cir. 1983)).

In the complaint, the plaintiff alleges retaliation from all defendants. She claims that Defendant Stanton retaliated against her by terminating her employment, Defendant Sanders retaliated against her by placing her on probation, and Defendant

---

[3]Although the defendants refer to matters outside of the pleadings, this Court will not consider those matters, and it will decide the issue based on the pleadings using the standard in deciding motions for judgment on the pleadings.

7

Wilgocki retaliated against her by imposing work conditions upon her which were different from those of her co-workers. Furthermore, she alleges that all defendants continued to retaliate against her by providing negative references, which she alleges are unjustified, to potential employers. Construing the complaint in the light most favorable to the plaintiff, accepting all the complaint's factual allegations as true, and determining that the plaintiff can prove facts in support of the claims that would entitle her to relief, this Court declines to dismiss the punitive damages claims at this time. Therefore, the defendants' Motion for Partial Dismissal in this regard is also **DENIED**.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE